SPAET, HAROLD B., Associate Judge.
This is a suit for declaratory decree brought by Rachel Bamber, appellee herein, against the appellants, seeking a declaration that the appellants have no interest in a certain lot of land in Dade County, Florida.
*807 The appellants counterclaimed claiming an interest in the property as the heirs of Richard J. Bamber, setting forth that the property was homestead; that as such it descended to them by operation of law and seeking an accounting for rents and profits.
Title to the lot was deraigned as follows :
On August 19, 1949, Henry F. Bamber, Sr. and Rachel Bamber, the appellee, conveyed the said lot to Richard J. Bamber.
On May S, 1950, Richard J. Bamber and Lila Trombley Bamber, his wife, conveyed an undivided one-half interest in the said lot to Henry F. Bamber, Sr. and Rachel C. Bamber, his wife, the appellee herein. On the same day and as part of the same transaction, Richard J. Bamber and Lila Trombley Bamber and Henry F. Bamber, Sr. entered into an agreement that the aforesaid deed should “be construed as between the parties” to convey to Henry F. Bamber, Sr. and wife Rachel “title in and to the South one-half of said property” and title to the North one-half shall remain and be vested in Richard J. Bamber and wife, Lila Bamber. The appellee Rachel Bamber was not a party to said agreement.
Thereafter, Richard J. Bamber died in 1954.
On May 19, 1955, Lila Trombley Bam-ber, widow of Richard J. Bamber, conveyed her interest in the property to Rachel Bamber, appellee herein.
Thereafter, Lila Trombley Bamber died in 1956, and the appellee, Rachel Bamber, has been in the exclusive and unhindered possession of said property since.
Appellants claim an interest in the property as the sons and sole heirs of Richard J. Bamber, basing their claim on the fact that the property was homestead and descended to them on the deaths of Richard J. Bamber in 1954, and the termination of Lila Trombley Bamber’s life estate, by her demise in 1956.
Motion for Summary Judgment was granted below, and this appeal followed.
Taking as fact that the affidavit, filed on appellants’ behalf in opposition to the Motion for Summary Judgment, shows that the interest of Richard J. Bamber, if title were in his name alone, would have been a homestead one (the affidavit is vague— date wise) we still feel the granting of Summary Judgment was correct because the uncontradicted evidence (the deed and agreement of May 5, 1950) shows that title was by the entirety in Richard J. Bamber and Lila Trombley Bamber from May 5, 1950 to his death in 1954.
That property held by husband and wife, in an estate by the entirety, goes to the wife by survivorship to the exclusion of the heirs of the husband is well settled in this State. Wilson v. Florida Nat. Bank & Trust Co. at Miami, Fla.1953, 64 So.2d 309. See particularly page 312.
Nor can it be successfully asserted that there is a genuine issue of fact as to the effect of the Deed and Agreement dated May 5, 1950. The intent of the parties we feel is clearly spelled out, and only by reverting to 17th and 18th Century legal thinking can a doubt as to the effect of the two instruments be generated.
In 23 Am.Jur.2d, Deeds § 32, speaking of conveyances the current thinking on construction of instruments is set forth, as follows:
“The modern tendency is to relax the rigid rules of the common law so that the formality and exactness formerly deemed necessary are not now required, it being sufficient if the matter written is set forth in an orderly manner by words which clearly specify the agreement and meaning of the parties and bind them.”
The Deed and Agreement having, therefore, clearly set forth the intention of the parties (which intention we might note, parenthetically, was acquiesced in by the *808 appellants from 1954 to 1967), to create in Richard J. Bamber and Lila Trombley Bamber an estate by the entirety, the property passed on Richard’s death to Lila by survivorship to the exclusion of the appellants, Richard’s heirs.
For the reasons stated, the Summary Final Judgment is affirmed.
Affirmed.